**[J-23-2022] [MO: Baer, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 21 WAP 2021 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered February 19, |
| | : | 2021 at No. 336 WDA 2020, |
| v. | : | affirming the Judgment of Sentence |
| | : | of the Court of Common Pleas of |
| | : | Allegheny County entered January |
| VIKTOR L. STEVENSON, | : | 31, 2020 at No. CP-02-MD- |
| | : | 0004599-2019. |
| Appellant | : | |
| | : | ARGUED: April 12, 2022 |

**CONCURRING OPINION**

**JUSTICE MUNDY**                        **DECIDED: SEPTEMBER 29, 2022**

I join the Majority Opinion in full holding that the notice requirement can be met by verbal notice and is not required to be provided by a member of law enforcement or a person designated by the court. As the Majority notes, "the law clearly spells out that, to be convicted of indirect criminal contempt for violating a PFA order, a defendant must simply have notice of the order, regardless of whether that notice is obtained: (1) by service of the PFA order; (2) verbally from anyone; or (3) by other scenarios that can establish that the defendant had knowledge of the order." Maj. Op. at 15.

In a footnote, the Majority states "[t]o be clear, we are not holding that a defendant's knowledge of a temporary PFA order equates to the defendant knowing of a final PFA order." Maj. Op. at 16 n.5. However, Appellant was provided notice of the September 9, 2019 final PFA hearing. Appellant failed to appear at the hearing, resulting in the PFA petition being uncontested. Appellant now purports to assert his ignorance of the

outcome of that hearing should allow for noncompliance with the PFA that was entered and given full effect when "[f]ailure to serve shall not stay the effect of a valid order." *Id.* at 13 (citing 23 Pa.C.S. § 6106(g)).  This, at a minimum, gave Appellant inquiry notice that the final PFA order had been issued.  While I would not rule out that such notice was alone sufficient to constitute "equivalent knowledge" under *Commonwealth v. Stallworth*, 781 A.2d 110, 124 (Pa. 2001), we need not decide that question in the present dispute.

Justice Brobson joins this concurring opinion.